**E-Filed 3/29/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DELBERT SIZELOVE, | Case Number C 05-04533 JF |
|                Plaintiff, | ORDER[1] GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR FURTHER PROCEEDINGS. |
|       v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
|                Defendant. | [re: docket nos. 17, 21] |

Plaintiff Delbert Sizelove ("Sizelove") seeks reversal of a decision by Defendant Commissioner of Social Security ("Commissioner") denying him supplemental security income benefits. The challenged decision was rendered by Administrative Law Judge John I. Flanagan (the "ALJ") on November 26, 2003. The ALJ's decision became final when the Appeals Council of the Social Security Administration denied Sizelove's request for review of the ALJ's decision. Sizelove filed a motion for summary judgment on July 14, 2006. The Commissioner filed a

---

[1] This disposition is not designated for publication and may not be cited.

1  cross-motion for summary judgment on September 15, 2006.  Sizelove filed a reply on October

2  4, 2006.  The matter was submitted without oral argument.

3                                        **I. BACKGROUND**

4           Sizelove is a fifty-nine year old man with a ninth grade education level.  He has worked

5  in the past as a security guard, specifically as a gate guard.  Ex. B-7E.  He previously received

6  supplemental security income benefits from 1991 until the beginning of 1997.[2]  After the

7  termination of his benefits, Sizelove worked as a security guard from January 1997 through April

8  1998.  On January 12, 1999, he reapplied for supplemental security income benefits alleging a

9  disability commencing on April 1, 1998.  Tr. 195.  His application was denied both initially and

10  upon reconsideration.  A hearing took place before Administrative Law Judge ("ALJ") Benjamin

11  F. Parks on April 26, 2000.  Tr. 23.  ALJ Parks found that the request for a hearing properly

12  related to a previous application Sizelove had made in 1996, and that there was no "good cause"

13  for Sizelove's untimely filing of the hearing request.  ALJ Parks dismissed the request for a

14  hearing.  The Appeals Council denied Sizelove's request for review on October 27, 2000.  Ex. B-

15  4A.  Sizelove then filed an action in this district on December 12, 2000.  In May 2002, the

16  district court remanded the case back to the Commissioner with an order directing that the ALJ

17  adjudicate Sizelove's claim based on his 1999 application rather than his previous 1996

18  application.  Ex. 7A-2.  ALJ Parks vacated his prior decision and amended the decision to

19  address Sizelove's 1999 application.  Ex. B-9A/2.

20          Meanwhile, Sizelove filed another application for supplemental security income benefits

21  on January 11, 2001, alleging a disability since April 1, 1998.  Ex. B-4D.  The Social Security

22  Administration denied the application initially and upon reconsideration.  Ex. B-6B.  Sizelove

23  alleges that he became disabled due to problems with his back, knee, heart, and lungs, as well as

24  from depression.  Ex. B-7E.  Pursuant to Sizelove's request, the ALJ held a *de novo*

25

26          [2] Sizelove received benefits based on alcoholism and drug dependency.  The benefits
27  were terminated on January 1, 1997 due to changes in Social Security legislation.  Tr. 78, 87, Ex.
   B-2A.

28  Case No. C 05-04533 JF
   GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
   DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
   FURTHER PROCEEDINGS.
   (JFEX1)

1    administrative hearing on September 12, 2003 in Oakland, California.  Cross-mot. Summ. J. at 2.

2    Sizelove, who was represented by counsel, testified at the hearing, as did medical expert Dr.

3    Roger Freed ("Dr. Freed") and vocational expert Gerald Belchick, Ph.D. ("Dr. Belchick").  Ex.

4    B-14B.

5           The ALJ found that Sizelove is not disabled within the meaning of the Social Security

6    Act and therefore is not entitled to the benefits for which he applied.   After consideration of the

7    entire record, including medical opinions described below, the ALJ found the following:

8    Sizelove has not engaged in substantial gainful activity since the alleged onset of the disability.

9    Tr. 24.  The ALJ then found that Sizelove suffers from chronic obstructive pulmonary disease,

10   obesity, chronic low back pain, and osteoarthritis of the knees.  The ALJ held that these

11   impairments significantly limit Sizelove's ability to perform basic work activities, and are

12   considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 416.921 and

13   416.920(c).  However, the ALJ also found that these medically determinable impairments do not

14   meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.

15   4.  *Id.*

16          The ALJ found that Sizelove did not meet the listing levels for a spinal disorder (1.04A),

17   joint dysfunction (1.02A), chronic pulmonary insufficiency (3.02A), and that consequently,

18   Sizelove's obesity, chronic low back pain, osteoarthritis of the knees, and chronic obstructive

19   pulmonary disease do not meet the criteria for any musculoskeletal or respiratory impairment

20   listed in Sections 1.00 and/or 3.00 et. seq.  *Id.*  The ALJ additionally found that none of the

21   medical findings in the record is equal in severity or duration to any of the listed findings.  20

22   CFR 404.1526.

23          The ALJ also found that there is not sufficient evidence in the record to support

24   Sizelove's claims of hypertension, gastroesophageal reflux disease, a history of alcohol and

25   amphetamine abuse, and a mild adjustment disorder and/or depression imposing more than a

26   minimal effect on Sizelove's ability to perform basic work activities.  The ALJ found that those

27   impairments are not "severe."  *Id.*  The ALJ did find, however, that Sizelove's medically

28

Case No. C 05-04533 JF
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
FURTHER PROCEEDINGS.
(JFEX1)

1  determinable musculoskeletal and respiratory impairments significantly limit his ability to

2  perform basic work activities.

3       The ALJ found that Sizelove has the residual functional capacity to perform a full range

4  of light work, as defined by 20 CFR 416.967(b).  Specifically, the ALJ found that Sizelove could

5  lift and/or carry up to twenty pounds occasionally and ten pounds frequently, stand, walk and/or

6  sit for up to six hours in an eight-hour workday, and he must alternate periodically between

7  sitting and standing in order to relieve his pain or discomfort.  Tr. 28.  Exs. B-3F/4, B-9F/5, and

8  B-17F/4.  The ALJ commented that Sizelove had received steroid injections into both knees that

9  improved his bilateral knee pain.  Sizelove also had a lumbosacral spine x-ray, which showed

10  only generalized degenerative changes of the lumbar spine, but with no other abnormalities.  Ex.

11  B-14F/3.

12       The ALJ concurred with Belchick that Sizelove retains the residual functional capacity to

13  perform his past relevant work as a factory gate guard, as he in fact previously performed it.  Tr.

14  29.  The ALJ stated that he had considered Sizelove's statements regarding pain and other

15  symptoms, and found the statements to be not credible to the extent that Sizelove claims he

16  cannot engage in any substantial gainful activity.  *Id.*

## II.  LEGAL STANDARD

**A.  Standard for Reviewing the Commissioner's Decision**

19       Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the

20  Commissioner's decision denying Plaintiff benefits.  The Commissioner's decision (here the

21  decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is

22  based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523

23  (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the

24  term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it

25  is such relevant evidence that a reasonable mind might accept as adequate to support the

26  conclusion."  *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257.  When determining whether

27  substantial evidence exists to support the ALJ's decision, the Court examines the administrative

28

Case No. C 05-04533 JF
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
FURTHER PROCEEDINGS.
(JFEX1)

1  record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at

2  1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support

3  more than one rational interpretation, the Court must defer to the decision of the ALJ.  *Moncada*,

4  60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

5  **B.  Standard for Determining Disability**

6      A person is "disabled" for purposes of receiving social security benefits if he or she is

7  unable to engage in any substantial gainful activity due to a physical or mental impairment which

8  is expected to result in death or which has lasted or is expected to last for a continuous period of

9  at least twelve months.  *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th

10  Cir. 1984).  In the first step, the Commissioner must determine whether the claimant currently is

11  engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.

12  *Id.*  If the claimant is not currently engaged in substantial gainful activity, the second step

13  requires the Commissioner to determine whether the claimant has a "severe" impairment or

14  combination of impairments which significantly limits the claimant's ability to do basic work

15  activities; if not, a finding of "not disabled" is made and the claim is denied.  *Id.*  If the claimant

16  has a "severe" impairment or combination of impairments, the third step requires the

17  Commissioner to determine whether the impairment or combination of impairments meets or

18  equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are

19  awarded.  *Id.*  If the claimant's impairment or combination of impairments does not meet or

20  equal an impairment in the Listing, the fourth step requires the Commissioner to determine

21  whether the claimant has sufficient "residual functional capacity"[3] to perform his or her past

22  work; if so, the claimant is not disabled and the claim is denied.  *Id.*  The plaintiff has the burden

23  of proving that he or she is unable to perform past relevant work.  *Drouin*, 966 F.2d at 1257.  If

24  the claimant meets this burden, a *prima facie* case of disability is established.  The Commissioner

25  then bears the burden of establishing that the claimant can perform other substantial gainful

26  _____

27      [3]A claimant's residual functional capacity is what he or she can still do despite existing
exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir.

28  1989).

1    work;[4] the determination of this issue comprises the fifth and final step in the sequential analysis.

2    20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as*

3    *amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

4                                    **III. DISCUSSION**

5            Sizelove claims that the ALJ (1) committed an error of law by determining that

6    Sizelove's adjustment disorder and depression disorder are not severe, (2) did not consider

7    whether Sizelove could perform sustained work activity at a light level of exertion, (3) failed to

8    ascertain the demands of Sizelove's former work and to compare those demands with present

9    capacity, and (4) failed to make a bona fide credibility finding in his one-sentence reference to

10   Sizelove's credibility in the decision.  The Commissioner asserts that the ALJ properly assessed

11   the medical evidence.

12   **A.  Severity of Mental Impairments**

13           Sizelove asserts that the ALJ improperly rejected his mental impairments as "non-severe"

14   at the second step of the disability analysis assessment, and that the ALJ lacked substantial

15   evidence to dismiss the mental impairment claims.  Mot. Summ. J. at 8.  The Commissioner

16   takes the position that Sizelove's mental impairments do not impose significant limitations on

17   Sizelove's ability to work, and, therefore, are not severe.  20 C.F.R. § 416.921, Mot. Cross

18   Summ. J. 3, Tr. 24.  Sizelove argues that the "ALJ failed to consider that the severity inquiry is a

19   'de minimus screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253. F.3d

20   1152, 1158 (9th Cir. 2001).   Mot. Summ. J. at 8.  Sizelove also argues that opinions in the

21   record of both treating and examining physicians establish evidence of the severity of his

22   depression.

23

24

25           [4] There are two ways for the Commissioner to meet the burden of showing that there is

26   other work in significant numbers in the national economy that claimant can do:  (1) by the
     testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.

27   *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

28
     Case No. C 05-04533 JF
     GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
     DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
     FURTHER PROCEEDINGS.
     (JFEX1)                              6

1    1.  Dr. Karon

2    Sizelove claims that the ALJ failed to give proper weight to Dr. Jeffrey Karon's

3    employability/medical statement, dated June 8, 2000, which stated that Sizelove has "major

4    depression; unemployable (Class III) - unable to do any work.  Status is: Persistent.  Major

5    Depression."  Tr. 312-13.  Dr. Karon is Sizelove's treating physician.  The Commissioner asserts

6    that the ALJ noted and rejected a subsequent December 2002 note by Dr. Karon, which stated

7    that Plaintiff was disabled due to numerous medical problems including depression.  Tr. 28, 274.

8    The ALJ found that the 2002 statement lacked support in the record, and noted that the record

9    showed only routine, outpatient care for Sizelove's multiple symptoms since February 1999.  Tr.

10   28.  The record shows that the ALJ did not fail to consider Dr. Karon's evaluation and opinion in

11   his step two determination.

12    2.  Dr. Richwerger

13   Sizelove also asserts that the ALJ failed to give weight to the employability/medical

14   statement of David C. Richwerger, Ed.D., dated August 24, 2000.  Dr. Richwerger evaluated

15   Sizelove at the request of the Commissioner.  His report stated that the "MMPI is indicative of

16   some anxiety, some physiological reactions to anxiety as in psychosomatic problems, and some

17   significant Axis II personality issues, especially in the area of schizoid or schizotypical."  Tr.

18   319.  In other records, Dr. Richweger states that Sizelove has "Axis 1 Adjustment disorder with

19   depression secondary to health concerns."  *Id.*  The claimant has the ability to maintain adequate

20   social functioning; however, the claimant would do better in a job with less social contact."  *Id*.

21   The Commissioner points out that a state agency doctor reviewed Dr. Richwerger's report

22   and found that Sizelove had no significant limitations on his ability to perform basic work

23   activities.  Tr. 332, 112 (explanation for disability determination based on Dr. Richwerger's

24   August 200 report).  The ALJ was entitled to rely on Dr. Richwerger's report in finding that

25   Sizelove does not have a severe mental impairment.

26    3.  Dr. Ratto

27   Sizelove next argues that the ALJ failed to analyze properly Dr. Rosemarie Ratto's

28

Case No. C 05-04533 JF
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
FURTHER PROCEEDINGS.
(JFEX1)                        7

1    statement from May 22, 2001.  Dr. Ratto, a consultative psychological examiner like Dr.

2    Richwerger, diagnosed Sizlove with a depressive disorder.  Dr. Ratto states:

> The profile indicates that the patient is experiencing moderate
> to severe distress characterized by worry, is very alienated and
> has problems forming close relationships.  He feels hopeless and
> is likely to have suicidal ideation . . . He is able to get along with
> others but due to current emotional difficulties some problems may
> arise . . . Considering his emotional difficulties, he may have
> difficulties with the stress of employment; however, this is difficult
> to discern from this brief assessment.

8    Tr. 362-63.  The Commissioner notes that the state agency psychiatrist, George Norbeck, M.D.,

9    reviewed Dr. Ratto's report, and found a non-severe mental impairment; accordingly, the

10    Commissioner argues that the ALJ properly relied on Dr. Ratto's report to find that Sizelove does

11    not have a severe mental impairment.  Tr. 444, 447, 449-50.  The ALJ cited the fact that Dr.

12    Ratto took Sizelove off depression medication a week after she made the statement quoted

13    above.  Tr. 362-63.  While Sizelove confirms this, he also asserts that additional evidence in the

14    record shows that he resumed antidepressants, and was also given additional medication.  Tr.

15    270-71, 273.   When determining whether substantial evidence exists to support the ALJ's

16    decision, the Court examines the administrative record as a whole, considering adverse as well as

17    supporting evidence.  *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.

18    1989).  The record reflects that the ALJ properly relied on Dr. Ratto's report and properly

19    weighed the conflicting evidence in the record.  While Dr. Ratto's medical notes include

20    indications that Sizelove suffered from depression, there is substantial evidence in the record

21    supporting the ALJ's decision to consider Sizelove's mental impairments "non-severe."  Dr.

22    Norbeck reviewed Dr. Ratto's report, and found a non-severe mental impairment.  Tr. 444, 447,

23    449-50.  This Court must defer to the ALJ's weighing of the conflicting evidence.

24        4. ALJ's Failure to Discuss Sizelove's Degrees of Limitation in Decision

25        Sizelove asserts that 20 C.F.R § 404.1520(b)(3) requires the ALJ to makes specific

26    findings as to the degree of limitation in the following functional areas: activities of daily living,

27    social function; concentration, persistence, or pace; and episodes of decompensation.  While

28

1    acknowledging that the ALJ did not comply fully with this requirement, the Commissioner

2    argues that the omission was harmless because substantial evidence supports the ALJ's finding

3    that Plaintiff does not have a severe mental impairment.  The Commissioner argues further that

4    20 C.F.R. § 416.920a(3)(3) implies that ALJs may seek testimony by a medical expert to make

5    such findings.  Cross-Motion 5.  The Commissioner emphasizes that Dr. Freed, a medical expert,

6    testified at the hearing and reviewed the reports of both Dr. Ratto and Dr. Richwerger.  Tr. 50.

7    Dr. Freed testified that the records show either adjustment disorder with depression, or

8    depressive disorder.  Tr. 51.  He also noted the four functional areas in his testimony when

9    stating that there is no evidence that Sizelove experiences any restriction of activities of daily

10   living, and that he experiences only mild difficulty maintaining social functioning, mild

11   impairment of persistence and pace, and no episodes of decompensation.  Tr. 52.

12          The Commissioner's contention that a medical expert's testimony during the hearing is

13   sufficient to remedy the absence of specific findings by the ALJ is not supported by the plain

14   language of 20 C.F.R. § 416.920a(e)(2).  As noted above, the regulation *requires* that the ALJ's

15   decision include specific findings as to the degree of limitation in each of the functional areas.

16   The Commissioner's reliance on *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)

17   (harmless error found where there was other reliable evidence), is misplaced.  *Matthews* held that

18   it was harmless error for an ALJ to fail to include all work limitations in a hearing hypothetical.

19   The case at hand does not relate to a hypothetical, but instead involves the ALJ's failure to

20   comply with express legal requirements as to what must be addressed in a written decision.

21   Because the decision in this case lacks the necessary findings regarding Sizelove's degree of

22   limitations related to his depression, the case must be remanded for a proper determination as to

23   the severity of Sizelove's mental impairments.

24   **B.  Sizelove's Ability to Perform Sustained Work Activity at a Light Level of Exertion**

25          Sizelove asserts that the ALJ failed to provide specific and legitimate reasons for

26   rejecting the examining and treating physicians' favorable findings regarding Sizelove's ability to

27   perform sustained work activity.  Motion 12-15.  The Commissioner argues that the ALJ properly

28

1    discounted Dr. Karon's opinions that Sizelove is disabled because Dr. Karon did not indicate that

2    Sizelove has any specific functional limitations.  The ALJ found that Dr. Karon's statements

3    were not supported by the record, and that other medical opinions contradicted Dr. Karon's

4    conclusions.  Transcript 25-28.  The ALJ stated in his opinion that "it would appear that Dr.

5    Karon's assessment is a bit overstated and unsupported by the evidence of record, as the record

6    shows that the claimant has received primarily routine, outpatient care for his multiple symptoms

7    since at least February 1999.  In that regard, the treatment records provided by Dr. Karon do not

8    support his determination that the claimant is 'disabled.'" Tr. 28.

9         The ALJ specifically noted that two examining doctors, Marion Guyer, M.D., and Saeed

10   Zamani, M.D., both stated that Sizelove could perform light work.  Transcript 27-28, 325, 345.

11   Where the opinion of the claimant's treating physician is contradicted, and the opinion of the

12   nontreating source is based on independent clinical findings that differ from those of the treating

13   physician, the opinion of the nontreating source may itself be substantial evidence.  *Andrews v.*

14   *Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  Accordingly, the ALJ properly relied on the

15   medical opinions of Dr. Guyer and Dr. Zamani.

16        Sizelove also claims that the ALJ did not make a finding as to whether he gave Dr.

17   Zamani's consultative exam report any weight.  Dr. Zamani noted that Sizelove needs to be in a

18   position where "he must periodically alternate sitting and standing to relieve the pain or

19   discomfort" any weight.  Tr. 345.  The ALJ noted in his decision that Sizlove's past position as a

20   gate guard did not require continuous sitting, standing or walking.  Tr. 29, 55-58, 74.  The

21   Commissioner argues that any failure on the part of the ALJ to indicate the weight he accorded to

22   Dr. Zamani's report was harmless error because the ALJ concluded that Sizelove had the residual

23   functional capacity to perform his past work as a gate guard as he actually performed it.  Tr. 29,

24   30.  *See Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (harmless error rule applies

25   where mistake was irrelevant to the ALJ's ultimate disability conclusion).  Accordingly, the ALJ

26   properly assessed Sizelove's ability to do light work.

27

28

1
**C.   ALJ's Assessment of Sizelove's Ability to Perform Past Work**

2        Sizelove claims that the ALJ failed to compare the demands of Sizelove's former work

3    with his present capacity in accordance with 20 C.F.R. § 404.1520(e) at step four of the five-step

4    determination.  Sizelove also contends that the ALJ failed to conduct a "function-by-function"

5    analysis, which compares a claimant's residual functional capacity to the demands of the

6    claimant's past relevant work.  If the claimant does not present a listed impairment, then the ALJ

7    will determine whether the impairment prevents the claimant from returning to "past relevant

8    work" at step four of the analysis.  20 C.F.R. § 404.1520(e).  In his decision, the ALJ stated that

9    Sizelove could return to his past work as a security guard which requires "light " exertion, but

10   was actually performed by Sizelove in a sedentary manner since he was a gate guard.  Tr. 29.

11        Sizelove has the burden of proving that he was unable to perform his past work, both as

12   he actually performed it, and as the job was generally performed in the national economy.  *Pinto*

13   *v. Massanari*, 249 F.3d 840, 844-45.  Sizelove did not meet this burden.  Substantial evidence

14   illustrates that Sizelove could perform all of the duties of his former job, as he actually performed

15   it.  During the hearing, Sizelove testified that he had to walk very short distances, and did not

16   have to do any lifting as a gate guard.  Tr. 57-58.  In addition, Dr. Belchick  testified that the job

17   was more sedentary than light.  The ALJ's decision adequately explained his reasoning in finding

18   that Plaintiff could perform such work. Tr. 28, 29.

19
**D.   ALJ's Assessment of Sizelove's Credibility**

20        Finally, Sizelove asserts that Social Security Ruling 96-7p mandates that the adjudicator

21   must consider the claimant's subjective complaints, and that the ALJ failed to make a bona fide

22   credibility finding.  Social Security Ruling 96-7p states: "It is not sufficient for the adjudicator to

23   make a single, conclusory statement that 'the individuals's allegations have been considered' or

24   that 'the allegations are (or are not) credible.'"  The ALJ did make a general statement that he did

25   not find Sizelove's subjective complaints wholly credible.  Tr. 28, 29.

26        However, the statement is taken out of context.  If the ALJ's interpretation of a claimant's

27   contentions is reasonable and supported by substantial evidence, even where a contrary finding

28

1   may also be reasonable, it is not the Court's role to second-guess it.  *Rollins v. Massanari*, 261

2   F.3d 853, 857 (9th Cir. 2001).  The record contains a specific statement by the ALJ that among

3   his reasons for discounting Sizelove's testimony are the absence evidence that Sizelove has

4   sought psychotherapy, as well as Sizelove's continued smoking and drinking despite his

5   pulmonary ailments and history of alcoholism.  Tr. 29 (citing Tr. 479 as an example).  The ALJ

6   also properly commented on Sizelove's use of an unprescribed cane at the hearing.  Tr. 28-29.

7   The ALJ properly considered the medical evidence including x-rays showing only lumbar

8   degeneration.  Tr. 29, 497.  While the ALJ made a general statement that Sizelove is not "wholly

9   credible", he also cited specific evidence supporting his credibility finding.  If the evidence can

10  support either outcome, the Court may not substitute its judgment for that of the ALJ.  *Tackett v.*

11  *Apfel*, 180 F.2d 1094, 1098 (9th Cir. 1999).

1

**IV. ORDER**

2

Good cause therefore appearing, IT IS HEREBY ORDERED that:

3

(1) Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN

4

PART;

5

(2) Defendant's cross-motion for summary judgment is DENIED; and

6

(3) this case is REMANDED to the Social Security Administration for further

7

proceedings consistent with this opinion.

8

9

DATED: March 29, 2007

10

11

_____

12

JEREMY FOGEL
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  This Order has been served upon the following persons:

2  John C. Cusker                    john.cusker@ssa.gov

3
   Harvey Peter Sackett              hps@hpspc.com, lucyc@sackettlaw.com; julie@sackettlaw.com;
4                                    juanita@sackettlaw.com

5  Sara Winslow                      sara.winslow@usdoj.gov, kathy.terry@usdoj.gov;
                                     claire.muller@usdoj.gov
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28