**United States District Court**
For the Northern District of California

1    \*\*E-Filed 8/24/2012\*\*

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10   **SAN JOSE DIVISION**

11

12   DELBERT SIZELOVE,                         Case No. 5:05-cv-04533 JF

13              Plaintiff,                     ORDER GRANTING MOTION FOR
                                               ATTORNEYS' FEES PURSUANT TO 42
14         v.                                  U.S.C. § 406(b)

15   MICHAEL J. ASTRUE, Commissioner of
     Social Security,

16
                Defendant.
17

18

19

20        Plaintiff's counsel seeks an award of attorneys' fees pursuant to 42 U.S.C. § 406(b).  For the

21   reasons discussed below, the motion will be granted.

22                              **I. BACKGROUND**

23        On November 7, 2005, Plaintiff Delbert Sizelove ("Sizelove") filed a complaint in this Court

24   challenging the Commissioner's denial of Supplemental Security Income ("SSI") benefits.  Dkt.

25   Entry 1.  On March 29, 1997, this Court granted in part Sizelove's motion for summary judgment

26   and remanded the matter to the Commissioner for further proceedings.  Dkt. Entry 25.  On February

27   13, 2008, an Administrative Law Judge ("ALJ") issued a favorable decision finding Sizelove

28   disabled as of January 21, 2003 and entitled to a period of SSI benefits.  Mot. Exh. A.  As a result of

Case No. 5:05-cv-04533 JF
ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

United States District Court
For the Northern District of California

1   that decision, Sizelove became entitled to retroactive benefits in the amount of $52,259.  Mot. Exh.

2   B.

3          On December 22, 2011, Sizelove's attorney, Harvey Sackett, filed a motion for attorneys'

4   fees pursuant to 42 U.S.C. § 406(b).  Dkt. Entry 32.  The Commissioner filed a response on January

5   4, 2012.  Dkt. Entry 34.  The matter thereafter was submitted without oral argument.  *See* Civ. L.R.

6   7-1(b).

7                              **II. DISCUSSION**

8          "Attorneys handling social security proceedings may seek fees for their work under both the

9   EAJA and the SSA.[1]"  *Cantrell v. Astrue*, 639 F. Supp. 2d 1033, 1035 (N.D. Cal. 2009).  "While

10  the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid

11  out of a successful claimant's past-due benefits."  *Id*.  If an attorney is awarded fees under both the

12  EAJA and § 406, the attorney must refund to the claimant  the amount of the EAJA award up to the

13  point that the claimant receives one hundred percent of the past-due benefits.  *Gisbrecht v. Barnhart*,

14  535 U.S. 789, 796 (2002).

15         Section 406 provides in relevant part that, "Whenever a court renders a judgment favorable

16  to a claimant under this subchapter who was represented before the court by an attorney, the court

17  may determine and allow as part of its judgment a reasonable fee for such representation, not in

18  excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason

19  of such judgment."  42 U.S.C. § 406(b)(1)(A).  Even when the fees sought are within the twenty-

20  five percent statutory maximum, the attorney must show that the proposed award "is reasonable for

21  the services rendered."  *Gisbrecht*, 535 U.S. at 807.

22         The Court looks first to the contingent-fee agreement, then determines whether a reduction

23  of the agreed-upon fees may be appropriate.  *Id*. at 808.  Circumstances to be considered include

24  whether the attorney is responsible for a delay in the proceedings, whether the past-due benefits are

25  large in comparison to the amount of time counsel spent on the case, and the attorney's normal

26  hourly billing charge for noncontingent-fee cases.  *Id*.

27         Sizelove entered into a contingent-fee agreement under which he agreed to pay Mr. Sackett

28

---

[1] Social Security Act.

2

Case No. 5:05-cv-04533 JF
ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

**United States District Court**
For the Northern District of California

1   "a fee no greater than 25% of the past-due benefits owed to me" in the event of a favorable decision.

2   Mot. Exh. C. As noted above, Sizelove has been awarded past-due benefits in the amount of

3   $52,259. Mot. Exh. B. Mr. Sackett seeks an award of twenty-five percent of this amount, or

4   $13,064.75. The Court concludes that this amount is reasonable. Mr. Sackett is a very experienced

5   attorney who represents that he has practiced exclusively in the area of Social Security law for more

6   than thirty years. He spent 32.05 hours preparing for litigation and litigating the case in district

7   court. Mot. Exh. E. Accordingly, Mr. Sackett's effective hourly rate if awarded the full amount of

8   fees sought would be $407.64 ($13,064.75 ÷ 32.05 hours = $407.64 per hour). This hourly rate is

9   well within the median hourly rates for attorneys with his experience practicing in the Bay Area.

10  *See* Mot. Exh. F. One other court within this district previously concluded that Mr. Sackett was

11  entitled to a $450 hourly rage given his experience and results obtained. *See Hearn v. Barnhart*,

12  262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Mr. Sackett obtained a very favorable result for

13  Sizelove; his claim had been denied initially, upon reconsideration, upon hearing by an ALJ, and

14  upon review by the Appeals Council, but upon remand he was awarded in excess of $50,000 in past-

15  due benefits. Taking into account all of the circumstances of this case, the Court concludes that an

16  award of $13,064.75 in attorneys' fees is reasonable.

17      On June 5, 2007, the parties filed a stipulated request for attorneys' fees in the amount of

18  $4,750 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Dkt. Entry 27. The Court

19  approved that stipulated request on June 14, 2007. Dkt. Entry 28. Accordingly, upon receiving the

20  attorneys' fees awarded under § 406(b), Mr. Sackett must refund to Sizelove the $4,750 awarded

21  under the EAJA.

22      The Court notes that the docket does not reflect service of the present motion upon Sizelove.

23  The Court presumes that Mr. Sackett informed his client of the motion. However, this order is

24  without prejudice to a motion for reconsideration by Sizelove if he in fact objects to the fee.

25      Finally, the Court notes that the present motion was filed more than three years after the

26  ALJ's favorable decision and almost two years after the Notice of Change in Payment regarding

27  Sizelove's entitlement to benefits was issued on January 18, 2010. Mr. Sackett explains that the

28  staff member responsible for calendaring in this case left his firm in January 2011, and that the

3

Case No. 5:05-cv-04533 JF
ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

1   documents indicating that the motion should be filed later were discovered in a banker's box of

2   papers that the employee had left behind.  Mot. at 2 n.2.  The Ninth Circuit has not addressed the

3   issue of timeliness with respect to § 406(b) motions.  Some circuits have required a motion for

4   attorneys' fees to be filed within fourteen days after the entry of judgment, *see, e.g., Pierce v.*

5   *Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006), while others have required only that the motion be

6   filed within a "reasonable time," *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

7   Under the circumstances, and absent Ninth Circuit authority to the contrary, this Court concludes

8   that the "reasonable time" approach is most appropriate.  Given Mr. Sackett's explanation, the Court

9   will deem the application for fees under § 406(b) to be timely.

10                                                                **ORDER**

11          For the reasons set forth above, the motion is granted.  Mr. Sackett is awarded $13,064.75 in

12   attorneys' fees.  Mr. Sackett shall reimburse Sizelove in the amount of $4,750 (representing the

13   EAJA fees previously awarded).

14

15   Dated:  August 24, 2012                             _____

16                                                       JEREMY FOGEL
                                                         United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. 5:05-cv-04533 JF
ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

**United States District Court**
For the Northern District of California